Ms. LaVerne Adair c/o Kay B. Terry, Administrator Office of Personnel Management 1509 W. 7th Street, Suite 201 Post Office Box 3278 Little Rock, Arkansas 72203-3278
Dear Ms. Adair:
I am writing in response to a request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether the release of certain records in the Arkansas Administration Statewide Information System or "AASIS" would be consistent with the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §§ 25-19-101 to -110 (Repl. 2002 and Supp. 2009).
Someone has made an FOIA request for an electronic copy of every state employee's "full name, job title, department, annual salary, any additional compensation[,] and part-time/full-time status or percentage of time worked."
One employee, Ms. Adair, objects to your determination that the requested data are (1) personnel records and (2) should be released pursuant to the FOIA. Adair objects to the release because she is a part-time employee and because the FOIA requestor does not state the reason he wants this information.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employee-related documents is consistent with the FOIA. In my opinion the custodian's decision is consistent with the FOIA. *Page 2 
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
As this office has consistently opined, given the nature of this request, the first two elements are clearly met. The analysis for those two elements is contained in Opinion No. 2011-045, which is enclosed. So I will not repeat it here.
Turning to the third element, the question is whether some exception shields these records from disclosure. As noted in Opinion No. 2011-045, these records meet the definition of a "personnel record."[1] Accordingly, the FOIA requires that these records be released unless doing so constitutes a "clearly unwarranted invasion of personal privacy."[2] As Opinion No. 2011-045 explains, the release of these kinds of records — i.e., those reflecting the name, salary, job title, etc. — will rarely rise to the level of such an invasion. Therefore, these kinds of records generally must be released.
Therefore, unless the objector can provide some kind of unique circumstance that would justify withholding her information, the general rule applies and her information must be released. Neither of the two reasons she gives for her objections are sufficient to require her records be withheld. First, she claims that her records should be withheld because she is a part-time employee. This is incorrect. There is no general FOIA exemption for the personnel records of part-time employees. Second, she claims that her records should not be released because the requestor does not state the reason he is requesting the records. This office has repeatedly noted that the intent of the FOIA requestor is generally irrelevant to the question whether the document must be released.[3] Therefore, the general rule applies, which means the custodian's decision to release the records is consistent with the FOIA, in my opinion. *Page 3 
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
DM:RWO/cyh
[1] Please see Opinion No. 2011-045 for the definition of "personnel record."
[2] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[3] E.g., Op. Att'y Gen. 2011-071